UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL MAGEE,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTHEW CATE,<br><br>  Defendant. | No. 2:13-cv-0120 MCE DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On January 14, 2014, the undersigned issued an order granting plaintiff's motion to proceed in forma pauperis and dismissing plaintiff's complaint with leave to amend.  (ECF No. 8.)  Plaintiff was granted thirty days in which to file an amended complaint curing the defects identified in the court's January 14, 2014 screening order.  However, plaintiff failed to file an amended complaint within that thirty day period.  Accordingly, on February 21, 2014, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.  (ECF No. 12.)  Those findings and recommendations are still pending before the

/////

/////

1

assigned District Judge.[1] However, on March 7, 2014 plaintiff filed a motion styled as "Ex Parte Motion for Preliminary Injunction." (ECF No. 13.)

Plaintiff's motion for preliminary injunctive relief is difficult to decipher, but it appears that therein plaintiff is alleging that defendant and other prison officials have promulgated prisoner classification score policies that have "forced plaintiff to dismiss his [petition for] writ of habeas corpus" in separate habeas action, prevented plaintiff from visiting with his family and friends, and which resulted in his "arbitrary transfers." (ECF No. 13 at 2-5.) As a result, plaintiff requests this court to issue a preliminary injunction "enjoining defendant and all prison officials in participation with defendant from continue [sic] the enforcement, or trying to enforce unconstitutional legislative enactment or void prison classification causing custody misplacement injury which lead [sic] to or cause permanent harm." (Id. at 5-6.)

As noted above, plaintiff's original complaint was previously dismissed with leave to amend. (See ECF No. 8.) Because plaintiff failed to file an amended complaint, findings and recommendations recommending the dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) are currently pending before the assigned District Judge. Absent a complaint that sets forth cognizable claim on which relief may be granted, the court should not entertain a request for injunctive relief. Cf. Fed. R. Civ. P. 65; Local Rule 231. Given the lack of a complaint pending before the court and plaintiff's unwillingness to prosecute this case in compliance with the court's prior orders, plaintiff's motion for a preliminary injunction should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion styled as "Ex Parte Motion for Preliminary Injunction" (ECF No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

---

[1] On March 10, 2014, plaintiff filed objections to the undersigned's February 21, 2014 findings and recommendations. (See ECF No. 14.)

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.habeas
Mage0120.49.docx